EDMUND G. BROWN JR.
Attorney General of California
DANE R. GILLETTE
Chief Assistant Attorney General
PAMELA C. HAMANAKA
Senior Assistant Attorney General
STEPHANIE C. BRENAN
Deputy Attorney General
LAUREN E. DANA
Deputy Attorney General
State Bar No. 105545
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013
 Telephone:  (213) 897-2249
 Fax:  (213) 897-6496
 E-mail:  DocketingLAAWT@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ULRICK KEVIN WHITE,** | CV 09-5782 R(MLG) |
| Petitioner, | **MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| **JOHYN F. SALAZAR, Warden.** | |
| Respondent. | Honorable Marc L. Goldman U.S. Magistrate Judge |

Respondent, John F. Salazar, Warden of Chuckawalla Valley State Prison, Blythe, California, hereby moves this Court to dismiss the Petition for Writ of Habeas Corpus because Petitioner has failed to exhaust his available state remedies as set forth in 28 U.S.C. 2254(b)(1)(A). This motion is based upon the court file and such other matters as are properly submitted to the Court.

Pursuant to Local Rule 7-15, Respondent requests that this Motion be submitted without oral argument.

Dated: November 9, 2009

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
DANE R. GILLETTE
Chief Assistant Attorney General
PAMELA C. HAMANAKA
Senior Assistant Attorney General
STEPHANIE C. BRENAN
Deputy Attorney General


**/s/Lauren E. Dana**
LAUREN E. DANA
Deputy Attorney General
*Attorneys for Respondent*

LA2009507648
50527812

1

# PRELIMINARY STATEMENT

Following a jury trial, Petitioner was convicted in Ventura County Superior Court, case number 2003034297, of forcible rape in violation of California Penal Code section 261(a)(2) in count 1, and false imprisonment in violation of Penal Code section 236 in count 2. (Lodged Doc. 1.)  Petitioner was sentenced to state prison for the upper term of eight years as to count 1, and the mid term of two years as to count 2 which was stayed. (Lodged Doc. 2.)

On February 27, 2007, the California Court of Appeal, Second Appellate District, Division Six, case number B189111, affirmed the judgment and remanded for resentencing in light of *Cunningham v. California,* 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007). (Lodged Doc. 3.)  On May 9, 2007, the People's petition for review, case number S151718 (Lodged Doc. 4), was granted under a "grant and hold" rule to await disposition of other pending cases. (Lodged Doc. 5.)  On September 12, 2007, the California Supreme Court remanded to the Court of Appeal with directions to vacate its decision and reconsider the cause in light of *People v. Black*, 41 Cal. 4th 799, 161 P.3d 1130, 62 Cal. Rptr. 569 (2007) and *People v. Sandoval*, 41 Cal. 4th 825, 161 P.3d 1146, 62 Cal. Rptr. 588 (2007). (Lodged Doc. 6.)

On January 17, 2008, the California Court of Appeal issued a second opinion and remanded the matter for resentencing in light of *Sandoval*.  (Lodged Doc. 7.) Petitioner filed a petition for review case, number S160964 (Lodged Doc. 8), which was denied March 26, 2008.  (Lodged Doc. 9.)

On July 14, 2008, at the resentencing hearing, the trial court imposed the upper term of eight years. (Lodged Doc. 10.)  Petitioner filed an appeal in the California Court of Appeal case number B209459, as to the sentence. (Lodged Doc. 11.)  On February 19, 2009, the California Court of Appeal affirmed the judgment. (Lodged Doc. 12.)  Petitioner's petition for review, case number S171402 (Lodged Doc. 13), was denied April 29, 2009. (Lodged Doc. 14.)

Petitioner filed the petition herein on August 6, 2009.

## PETITIONER'S CONTENTIONS

1. The trial court erred in applying California Evidence Code section 352 and violated his right to due process; the trial court violated Petitioner's right to due process and violated the Ex Post Facto Clause of the Federal Constitution in imposing the aggravated term. (Pet. at 5.)

2. Selection of the upper term violated Petitioner's right to a jury trial under the Sixth Amendment and violated the Due Process and Ex Post Facto clauses of the Federal Constitution. (Pet. at 5.)

## ARGUMENT

### I. THE CLAIM RAISED IN GROUND ONE IS UNEXHAUSTED AS IT WAS NOT RAISED IN THE CALIFORNIA SUPREME COURT

Exhaustion of state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in federal habeas corpus. 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir. 2008). To satisfy the state exhaustion requirement, the petitioner must fairly present his federal claims to the state's highest court. *Rose v. Lundy*, 455 U.S. 509, 515, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his contention is based. *See Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999). Indeed, "fair presentation" requires that a petitioner expressly alert the state's highest court to the federal basis of his claim by "citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a

claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004) (finding that "ineffective assistance of appellate counsel" claim was not fairly presented to the state's highest court because the petitioner did not properly alert the court to the federal nature of the claim).

Moreover, "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. at 32; *accord Castillo v. McFadden*, 399 F.3d 993, 999-1000 (9th Cir. 2005); *Casey v. Moore*, 386 F.3d 896, 911-15 (9th Cir. 2004). Furthermore, the citation of a relevant federal constitutional provision in relation to another claim does not satisfy the exhaustion requirement. *Baldwin v. Reese*, 541 U.S. at 33; *Castillo v. McFadden*, 399 F.3d at 1003 ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."). The petitioner has the burden of demonstrating he has exhausted available state remedies. *Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972); *see Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

If a petition includes both exhausted and unexhausted claims, it constitutes a "mixed petition" which must be dismissed or the unexhausted claims must be stricken. *Pliler v. Ford*, 542 U.S. 225, 230, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004), citing *Rose v. Lundy*, 455 U.S. at 522; *but see Rhines v. Weber*, 544 U.S. 269, 275-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). The fact that a procedural bar might prevent the petitioner from returning to state court for a ruling on the merits of his unexhausted claim "in no way nullifies the fact that he had an adequate state remedy that has not been exhausted." *Tamalini v. Stewart*, 249 F.3d 895, 899 n.2 (9th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 749-50, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)).

1    Here, Petitioner lists as Ground 1, the Ex Post Facto Clause of the United
2 States Constitution. However, when he discusses the supporting facts, he alleges
3 that the trial judge erred in applying California Evidence Code section 352 and
4 violated his right to due process by introducing an inaudible tape recording of the
5 alleged offenses. He additionally alleges that his right to a jury trial under the Sixth
6 Amendment was violated when he was sentenced to the aggravated term (Pet. at
7 5.)
8    Petitioner's claim as to the tape recording was never raised in either of
9 the California Supreme Court petitions for review filed by Petitioner both of which
10 only addressed the issue of sentencing. (Lodged Docs. 8 & 13.)
11    Petitioner's claim was not fairly presented to the state's highest court
12 which has never had the opportunity to correct any alleged constitutional
13 deprivations. *Duncan v. Henry*, 513 U.S. at 365; *Picard v. Connor*, 404 U.S. at
14 275. Thus, Petitioner has failed to exhaust his claim, and the mixted petition should
15 be dismissed.
16    Petitioner has available state remedies. Petitioner may file a habeas
17 corpus petition in the California Supreme Court, as such a claim may be made in a
18 petition for writ of habeas corpus under California law. *See In re Harris*, 5 Cal. 4th
19 813, 825, 21 Cal. Rptr. 2d 373 (1993); *see also* Cal. Penal Code § 1473.

## CONCLUSION

Therefore, based on the foregoing argument and authorities, the Petition should be dismissed.

Dated: November 9, 2009

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
DANE R. GILLETTE
Chief Assistant Attorney General
PAMELA C. HAMANAKA
Senior Assistant Attorney General
STEPHANIE C. BRENAN
Deputy Attorney General

/s/ Lauren E. Dana
LAUREN E. DANA
Deputy Attorney General
*Attorneys for Respondent*

LED:lg
LA2009507648
50527812

## CERTIFICATE OF SERVICE

Case Name:   **ULRICK KEVIN WHITE v.**           No.   **CV 09-5782-R (MLG)**
             **JOHYN F. SALAZAR**

I hereby certify that on <u>November 9, 2009,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>October 5, 2009,</u> I have mailed the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Ulrick Kevin White**
**F-18119**
**Chuckawalla Valley State Prison**
**P. O. Box 2349**
**Blythe, CA 92226**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>November 9, 2009,</u> at Los Angeles, California.

Linda Greenfield
Declarant                                                                 Signature

50528275.doc